## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| **CINDY LEE LITTLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 23-1071-JWL** |
| | ) | |
| **MARTIN J. O'MALLEY,**[1] | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on a motion for approval of an attorney fee (Doc. 19, & Attach. 1) (Pl. Mot.) pursuant to the Social Security Act, 42 U.S.C. § 406(b). Plaintiff's motion is GRANTED, approving a fee in the amount of $12,036.25 pursuant to the Social Security Act.

## I.    Background

Plaintiff applied for Social Security Disability Insurance benefits in 2021 and after proceedings before the Commissioner she filed a Complaint in this court seeking judicial

---

[1] On December 20, 2023, Mr. O'Malley was sworn in as Commissioner of Social Security.   In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. O'Malley is substituted for Acting Commissioner Kilolo Kijakazi as the defendant. Pursuant to the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

review of the Commissioner's final decision on April 25, 2023.   (Doc. 1).   After

Plaintiff filed a Social Security Brief, the Commissioner confessed error and filed an

unopposed motion to remand.   (Doc. 14).   The court granted the Commissioner's

motion and entered judgment remanding the case for further proceedings on October 16,

2023.   (Docs. 15, 16).   The court granted Plaintiff's unopposed motion for attorney

fees pursuant to the Equal Access to Justice Act on January 05, 2024.   (Doc. 18).   On

remand, the Commissioner issued a fully favorable decision on June 28, 2024. and a

Notice of Award on August 12, 2024.   (Pl. Mot., Attachs. 3, 4).   The SSA stated it

"withheld 25% of your back pay $12,036.25 to pay your attorney, so far the

[Administrative Law J]udge approved $7.200.00.   We are still holding $4,836.25 in case

your attorney is filing a petition [f]or court fees."   Id. Attach. 4, pp.1-2.   Plaintiff now

seeks award of attorney fees of the full $12,036.25 pursuant to § 206(b) of the Social

Security Act.   42 U.S.C. § 406(b).

## II.   Legal Standard

The Social Security Act provides for the payment of an attorney fee out of the past

due benefits awarded to a beneficiary.   42 U.S.C. § 406(b).   The court has discretion to

approve such a fee.   McGraw v. Barnhart, 450 F.3d 493, 497-98 (10th Cir. 2006).

However, the court has an affirmative duty to allow only so much of the fee as is

reasonable.   Gisbrecht v. Barnhart, 535 U.S. 789, 807-808 (2002); McGraw, 450 F.3d at

498; 42 U.S.C. § 406(b)(1)(A).

2

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment <u>a reasonable fee</u> for such representation, <u>not in excess of 25 percent</u> of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may,   . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A) (emphases added).

The Supreme Court, in <u>Gisbrect</u> determined that a contingency fee agreement within the twenty-five percent ceiling is allowed by § 406(b) of the Act, and that courts may not use the "lodestar" method to establish a reasonable fee in such a case.   Where there is a contingency-fee agreement between the plaintiff and her attorney, the court is to look first to the agreement and then test the agreement for reasonableness.   <u>Gisbrecht</u>, 535 U.S. at 807-08.   In determining reasonableness, the Court suggested that courts should consider such factors as the character of representation, the results achieved, whether the attorney is responsible for any delay, and whether the benefits are large in comparison to the amount of time counsel spent on the case.   <u>Id.</u> 535 U.S. at 808.   The Court noted that the comparison of benefits to time spent might be aided by submission of the plaintiff's attorney's billing record and normal hourly billing rate.   <u>Id.</u>

The Tenth Circuit has explained the procedure used in applying <u>Gisbrecht</u>. <u>Gordon v. Astrue</u>, 361 F. App'x 933, 935–36 (10th Cir. 2010).   It noted that the court is to look first to the fee agreement between the plaintiff and her counsel, and "the statute does require courts to serve 'as an independent check' by 'review[ing] for reasonableness

fees yielded by those agreements.'" Id. at 935 (quoting Gisbrecht, 535 U.S. at 807-09).

The court noted that the Court provided examples of proper reasons for reducing 406(b)

fee requests:

> (1) when "the character of the representation and the results the
> representative achieved" were substandard; (2) when "the attorney is
> responsible for delay" that causes disability benefits to accrue "during the
> pendency of the case in court"; and (3) when "the benefits are large in
> comparison to the amount of time counsel spent on the case."

Id. (quoting Gisbrecht, 535 U.S. at 808).   The court acknowledged six factors recognized

by the Seventh Circuit before Gisbrecht was decided as potentially useful when making a

406(b) reasonableness determination—although it merely "assum[ed], without granting,

that the district court had some obligation to" consider those factors.   Id. (citing McGuire

v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989) ("time and labor required; skill required;

contingency of fee; amount involved and result attained; experience, reputation, and

ability of attorney; and awards in similar cases.").   The Tenth Circuit reviews "a district

court's award of attorney's fees under § 406(b) for an abuse of discretion, see McGraw v.

Barnhart, 450 F.3d 493, 505 (10th Cir.2006), and will reverse only if the district court's

decision is 'based on a clearly erroneous finding of fact or an erroneous conclusion of

law or manifests a clear error of judgment,'"   Id. at 935 (quoting United States v.

McComb, 519 F.3d 1049, 1054 (10th Cir. 2007)).

   In the recent past, this court has approved 406(b) contingent attorney fees at an

hourly rate of $736.07 resulting in an equivalent hourly rate for non-contingent work of

almost $263.00; Madrigal v. Kijakazi, Civ. A. No. 19-2429-JWL, 2021 WL 4860555 (D.

Kan. October 19, 2021); see also, Gardipee v. Saul, Civ. A. No. 20-1001-JWL, 2021 WL

826206, *3 (D. Kan. Mar. 4, 2021) (an hourly rate of $1,001.90 resulting in an equivalent

hourly rate for non-contingent work of $357.82); Morris v. Kijakazi, Civ. A. No. 19-

1133-JWL, 2021 WL 5769365 (D. Kan. Dec. 6, 2021) (hourly rate of $410.57); Rogers v.

Saul, Civ. A. No. 19-1134-JWL, 2022 WL 17718655 (D. Kan. Dec. 15, 2022) (hourly

rate of $2,265.39 and an equivalent hourly rate $809.07); Schlein v. Kijakazi, Civ. A. No.

21-1180-JWL, 2023 WL 5952025 (D. Kan. Sept. 13, 2023) (at an hourly rate of $703.80

resulting in an equivalent hourly rate of $251.36); Firment v. O'Malley, Civ. A. No. 22-

1220-JWL, 2023 WL 8934765 (D. Kan. Dec. 27, 2023 (hourly rate of $1,157.81 and

equivalent hourly rate of $413.50); and, Walls v. O'Malley, Civ. A. No. 21-1011-JWL,

2024 WL 52609 (D. Kan. Jan. 3, 2024) (hourly rate of $1,407.34 and equivalent hourly

rate of $502.62).

## III.    Discussion

Here, Plaintiff's attorney requests a fee award of $12,036.25, or 25% of Plaintiff's

past due benefits.   Counsel included a copy of the contingent fee agreement signed by

Plaintiff in which she agreed to a fee of 25 percent of past due benefits.   (Pl. Mot.,

Attach. 5).   Counsel submitted a listing of the hours expended in prosecuting this case

before this court showing 19.40 hours expended.   Id., Attach. 6.   An award of

$12,036.25 would result in an hourly rate of $620.43 and an effective hourly rate in a

noncontingent case of $221.58.   Counsel argues that the skill, competence, expertise, and

experience of her and her firm produced a good result in this case and support awarding the fee requested.   Id., Attach. 1, p.10-12.

The Commissioner submitted a response to Plaintiff's Motion asserting that he "neither supports nor opposes counsel's request for attorney's fees in the amount of $12,036.25."   (Doc. 20, p.1).

The court has considered both the Gisbecht and the McGuire factors and the arguments of counsel and makes the following findings.   Plaintiff has met her burden to prove that award of the $12,036.25, or 25% of past due benefits, is reasonable in the circumstances present here.   The court notes that counsel achieved a good result for Plaintiff in this case especially considering the Commissioner chose to request remand without challenging Plaintiff's brief.   The court recognizes that the contingent nature of the fee justifies a fee award in Social Security cases when the claimant prevails which is higher than normal hourly rates charged by attorneys in other matters to encourage practitioners to take such cases and to provide for those cases taken which are not successfully concluded.   This is particularly true in light of this court's adherence to the deferential standard applicable in Social Security cases.   Biestek v. Berryhill, 139 S. Ct. 1148, at 1154.

Both the Commissioner and Plaintiff's counsel remind the court that the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, fee in this case, which was $4,365.90, must be refunded to Plaintiff as the smaller fee.

6

The court finds that $12,036.25, is a reasonable fee in the circumstances of this case.   The court notes the Commissioner appears to be currently holding only $4,836.25 remaining from the 25% past due benefits.   If that is correct, counsel must seek the remaining fee which the court has approved from her client.

**IT IS THEREFORE ORDERED** that pursuant to 42 U.S.C. § 406(b) the court approves an attorney fee of $12,036.25 which the Commissioner shall provide to Plaintiff's counsel subject to any remaining past-due benefits withheld.   Plaintiff must seek the remainder of her fee, if any, from her client.

**IT IS FURTHER ORDERED** that counsel shall refund the EAJA fee award totaling $4,365.90 to Plaintiff.

Dated September 24, 2024, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**

7